PIERRE CAUHAPE, Appellant, *v.* PARKE, DAVIS & CO.,
Respondent.

*Res adjudicata — when a party is not bound by a finding of fact in a former action,
in which the referee held that he had no jurisdiction to grant any relief.*

Upon the trial of this action, brought by the plaintiff upon a contract alleged to
have been made with the defendant, the only evidence offered by the plaintiff
was the judgment-roll in a prior suit between the same parties, wherein the
referee had found that such a contract was made, but had refused to grant any
relief, upon the ground that he had no jurisdiction to do so.

*Held,* that the existence of this contract was not *res adjudicata,* between the parties
by reason of the finding in the previous action, in such a sense as to render such
former finding of fact binding upon the defendant in this suit, and that a judg-
ment dismissing the complaint for a failure to prove the existence of the cause of
action sued on should be affirmed.

APPEAL from a judgment dismissing the complaint entered on the
report of a referee.

*Howard Y. Stillman,* for the appellant.

*William P. Chambers,* for the respondent.

BARTLETT, J. :

The plaintiff sues upon an alleged contract with the defendant.
To prove the existence of that contract, he put in evidence before
the referee the judgment-roll in a prior suit between these same
parties, wherein another referee had found that such a contract was
made but had refused to grant any relief by reason of the cause of
action based thereon, upon the ground that he had no jurisdiction to
do so. The plaintiff in the case at bar relied solely upon this find-
ing as a former adjudication establishing his contract; but the
referee has declined to give it this effect and has dismissed the com-
plaint for a failure to prove the existence of the contract sued on.
We agree with the referee that the existence of this contract was
not *res adjudicata* in the previous action in such a sense as to render
the former finding of fact binding upon the defendant in this suit.

It is true that Pierre Cauhape, the plaintiff there and here, recov-
ered a small judgment in the prior action, but that was founded not
at all upon this contract, but upon another and different agreement
of earlier date. So far · as the contract here in question was con-

cerned, the defendants were successful in the former suit. Upon an appeal they could not have been heard to complain of the action of the court in respect to this contract, for the refusal to enforce it on the ground of want of jurisdiction was a decision in their own favor. So long as the referee in that case denied the plaintiff any relief, based on the contract, his finding that it existed was wholly needless and immaterial. Before that finding could successfully be invoked against the defendants as a prior adjudication, we think it would have to appear that it constituted a decision, or the basis of a decision, from which the defendants could have appealed.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and DANIELS, J., concurred.

Judgment affirmed, with costs